IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | | |
|---|---|---|
| **PHILLIP YOUNG, #L4603** | § | **PETITIONER** |
| | § | |
| v. | § | Civil Action No. 3:13CV500TSL-JCG |
| | § | |
| **WARDEN RAYMOND BYD** | § | **RESPONDENT** |

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Application of Phillip Young ["Petitioner"] for Writ of Habeas Corpus [1] pursuant to Title 28, United States Code, Section 2254 filed August 20, 2013. On September 27, 2013, Warden Raymond Byd ["Respondent"] filed a Response [7] to the instant Petition. Having considered the Petition, Response, pleadings, records on file, the arguments of the parties, and the relevant legal authorities, the undersigned United States Magistrate Judge recommends that Petitioner's request for relief pursuant to 28 U.S.C. § 2254 be denied.

### I. FACTS AND PROCEDURAL HISTORY

On July 8, 2009, Petitioner was charged in an indictment with the crimes of felony evasion, aggravated assault on a law enforcement officer, aggravated assault, and automobile burglary. R. [8-1, at pp. 10-12]. On March 23, 2010, and prior to the commencement of trial in the Circuit Court of Rankin County, Mississippi, the prosecutor announced that Petitioner had two previous felony convictions and moved to amend the indictment. After hearing from both sides, the trial judge took the matter under advisement and informed counsel that he would take up the issue

-1-

following the guilt phase of trial.  R. [8-2, at pp. 141-42].

Petitioner was convicted by a jury of felony evasion and automobile burglary. The trial court granted the State's Motion to Amend Indictment and an Order was entered amending the indictment to include charging Petitioner as an habitual offender under § 99-19-83 of the Mississippi Code. R. [8-1, at pp. 13-14].   The trial court thereafter sentenced Petitioner to life in the custody of the Mississippi Department of Corrections ["MDOC"] without parole as an habitual offender under Mississippi Code § 99-19-83. *See* Judgment of Conviction, R. [8-1, at p. 90].

Petitioner, through counsel, perfected an appeal. On August 9, 2011, the Mississippi Court of Appeals affirmed Petitioner's convictions and sentence and recounted the facts leading to Petitioner's conviction:

> This appeal stems from events that were set into motion when Young decided to siphon fuel from an eighteen-wheeler that was parked near Roses Discount Store in Pearl, Mississippi. That eighteen-wheeler belonged to Ricky Sherman. Sherman had left his eighteen-wheeler in the parking lot while he and his wife, Deborah, took a trip on their motorcycle. As they were returning home, the Shermans went past Roses Discount Store. He saw another eighteen-wheeler parked unusually close to his. Sherman pulled into the parking lot to investigate.
>
> Sherman discovered that Young was using an electric pump to siphon the fuel from Sherman's eighteen-wheeler. Young fled when Sherman confronted him. The Shermans called 911 as they followed Young through several neighborhoods and eventually onto I–20, where several law-enforcement officers began to follow Young. For the next forty minutes, law-enforcement officers followed Young as he drove his eighteen-wheeler in a counter-clockwise loop around Jackson, Mississippi. Young traveled west on I–20, then north on I–55, and finally south on I–220. On multiple occasions, law-enforcement officers attempted to flatten Young's tires with spike strips, but Young drove around them. However, as Young approached the Clinton Boulevard exit off of I–220, law-enforcement officers put out a set of spike strips that Young was not able to avoid.

With his tires disabled, Young attempted to flee on foot. He was quickly detained by law-enforcement officers.

*Young v. State*, 86 So. 3d 261, 263-64 (Miss. Ct. App. 2011).

On January 3, 2012, Petitioner's Motion for rehearing was denied by the Mississippi Court of Appeals. R. [8-1, at p. 490]. A petition for rehearing in the Mississippi Supreme Court was denied on April 19, 2012. R. [8-1, p. 463]. On May 3, 2013, the Mississippi Supreme Court, finding Petitioner failed to make the requisite substantial showing of a denial of a state or federal right, entered the following Order denying Petitioner's Application for Leave to File Motion for Post-Conviction Relief:

> Young contends that his right to confront and cross-examine a witness was violated. After due consideration, the panel finds Young had an opportunity to cross-examine the subject witness and his confrontation clause rights were not violated. The panel further finds that certified copies of judgements of convictions are not testimonial statements and, therefore, are admissible absent confrontation. Young also argues that the circuit court improperly amended Young's indictment to allege that Young was a habitual offender and he contends that his sentence as a habitual offender is illegal. The Panel finds Young's arguments are without merit.

Order [8-1, at pp. 678-79].

On August 20, 2013, Petitioner timely filed the instant § 2254 Application for Writ of Habeas Corpus [1] alleging the following as error committed by the trial court:

> GROUND ONE: THE PROSECUTION FAILED TO INTRODUCE TESTIMONY FROM THE WITNESS WHICH CERTIFIED THE DOCUMENTS USED TO PROVE PRIOR CONVICTIONS WHICH THEREBY DEPRIVED THE PETITIONER OF HIS RIGHT TO CONFRONTATION AND THEREBY INVALIDATED THE HABITUAL

>   PORTION OF THE INDICTMENT AND SENTENCE IMPOSED.
>
>   <u>GROUND TWO</u>: PETITIONER WAS DENIED DUE PROCESS OF LAW WHERE TRIAL COURT AMENDED INDICTMENT TO CHARGE HABITUAL STATUS AFTER THE JURY HAD FOUND AND PUBLISHED A VERDICT OF GUILTY ON PRINCIPLE CHARGE AND PROSECUTION HAD ENDED. HABITUAL ENHANCEMENT MOTION SHOULD HAVE BEEN DISPOSED OF PRIOR TO DECISION UPON PRINCIPLE CHARGE OF THE INDICTMENT.

§ 2254 Pet. [1], at pp. 4-5.

Petitioner filed an "Attachment" [4] to his Petition on September 20, 2013. Respondent addressed this supplementation in its Response [7]. On October 21, 2013, Petitioner filed a Motion [9] to Amend/Correct his Petition, which contains both identical and similar arguments contained in Petitioner's Attachment [4]. Respondent filed a Response [10] in opposition to Petitioner's Motion [9]. On May 15, 2014, the Court granted Petitioner's Motion to Amend to the extent it provided elaboration on the claims advanced in his original Petition.

## II. <u>DISCUSSION</u>

A.  <u>FAILURE TO EXHAUST</u>

At the outset the Court notes that both the "Attachment" and "Amendment" contain claims that were not raised in Petitioner's direct appeal or application for post-conviction relief. Pursuant to 28 U.S.C. § 2254, as amended:

>   (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
>   >   (A) the applicant has exhausted the remedies available in the courts of the State; or

>(B)(I) there is an absence of available State corrective process; or
>
>(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254.

In order for this Court to grant habeas relief, a Petitioner must first exhaust all of his claims in state courts. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A); *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995). Whether an applicant has exhausted state remedies is a question of law. *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001).

Upon review it is evident that certain claims raised in Petitioner's Attachment [4], which was filed prior to the Response [7], and in Petitioner's Amendment [9], which was filed after the Response [7], are outside the original Petition. To the extent these matters are outside the scope of the Petition, the Court agrees with Respondent that because these claims were not presented to the state court, they are procedurally barred from review by this Court. *See Sones v. Hargett*, 61 F.3d 410 (5th Cir. 1995).

In order to satisfy the exhaustion requirement of § 2254(b)(1), a "habeas petitioner must have fairly presented the substance of his claim to the state courts." *Wilder,* 274 F.3d at 259; *see also Nobles v. Johnson,* 127 F.3d 409, 420 (5th Cir. 1997). Additionally, § 2254(c) provides as follows: "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise,

-5-

Case 3:13-cv-00500-TSL-JCG   Document 13   Filed 10/29/15   Page 6 of 17

by any available procedure, the question presented." 28 U.S.C. § 2254(c); *see also Richardson v. Procunier,* 762 F.2d 429, 432 (5th Cir. 1985) ("inmate seeking federal habeas relief . . . will not be deemed to have exhausted his state remedies until he has raised his claims before the state's highest court through collateral review provided by state habeas procedures.")

A procedural default occurs when a habeas petitioner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997) (quoting *Coleman v. Thompson,* 501 U.S. 722, 735 n. 1 (1991)). "When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfill a state procedural requirement, federal habeas is generally barred if the state procedural rule is independent and adequate to support the judgment." *Sayre v. Anderson,* 238 F.3d 631, 634 (5th Cir. 2001) (citing *Coleman v. Thompson,* 501 U.S. 722 (1991)).

> We presume the adequacy and independence of a state procedural rule when the state court expressly relies on it in deciding not to review a claim for collateral relief, as the Mississippi Supreme Court did here. *Harris v. Reed,* 489 U.S. 255, 262, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989). The presumption of adequacy can be rebutted in certain circumstances, however, if the state's procedural rule is not "strictly or regularly followed." *Johnson v. Mississippi,* 486 U.S. 578, 587, 108 S.Ct. 1981, 1987, 100 L.Ed.2d 575 (1988) (citations and internal quotation marks omitted); *see Hathorn v. Lovorn,* 457 U.S. 255, 263, 102 S.Ct. 2421, 2426, 72 L.Ed.2d 824 (1982) ("State courts may not avoid deciding federal issues by invoking procedural rules that they do not apply evenhandedly to all similar claims.").

*Sones v. Hargett*, 61 F.3d 410, 416-17 (5th Cir. 1995).

The Court finds that claims outside of the Petition, and unrelated to the confrontation clause, due process, and sufficiency of the evidence claims, are not properly before the Court and are therefore procedurally barred.  Petitioner's confrontation clause, due process, and sufficiency of the evidence claims are addressed below.

B. APPLICATION OF THE ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996

The Antiterrorism and Effective Death Penalty Act ["AEDPA"] provides in part as follows:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>  (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>  (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The first exception, subsection (d)(1), applies to pure questions of law or to mixed questions of law and fact and are reviewed under the "contrary to" standard. *Simmons v. Epps*, 654 F.3d 526, 534 (5th Cir. 2011) ("We review pure questions of law under the 'contrary to' standard of sub-section (d)(1), mixed questions of law and fact

under the 'unreasonable application' standard of sub-section (d)(1), and pure questions of fact under the 'unreasonable determination of facts' standard of subsection (d)(2)."). "A state court's decision is 'contrary to' clearly established federal law if 'the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts.'" *Hoffman v. Cain*, 752 F.3d 430, 437 (5th Cir. 2014).

Mixed questions of law and fact are reviewed under the "unreasonable application" standard which is also set forth in 28 U.S.C. § 2254(d)(1). This requires the Court to examine "the ultimate legal conclusion that the state court reached and not whether the state court considered and discussed every angle of the evidence." *Id.* at 437.

> A state court's decision involves an 'unreasonable application' of clearly established federal law if 'the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.' . . . The Supreme Court has clarified that when a claim is adjudicated on the merits, for the purposes of review under §2254(d)(1), the record is limited to the one before the state court, even if the state court issued a summary affirmance.

*Hoffman*, 752 F.3d at 437 (internal citations omitted).

"[U]nreasonable application of clearly established federal law" is the sufficiency of the evidence standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). The Supreme Court has since held that "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial." *Parker*

*v. Matthews*, 132 S.Ct. 2148, 2152 (2012). "The evidence is sufficient to support a conviction whenever, 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id*. "And a state-court decision rejecting a sufficiency challenge may not be overturned on federal habeas unless the decision was 'objectively unreasonable.'" *Id*.

Notwithstanding, such grounds still may merit review and as such pure questions of fact are reviewed under the "unreasonable determination of facts" set forth in § 2254(d)(2).

> The habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. . . . [A] state court's factual determination is 'not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance'.

*Hoffman*, 752 F.3d at 437 (quoting *Wood v. Allen*, 558 U.S. 290, 300-01 (2010)). "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1).

    1.    <u>CONFRONTATION CLAUSE VIOLATION</u>

Petitioner contends that he was denied his right to confront the witness who testified, provided, and authenticated the documentation of his previous convictions. He further submits that he did not knowingly and intelligently waive his rights under the Fifth Amendment and as such, he was improperly sentenced as an habitual

offender under Mississippi Code § 99-19-83.[1]  In support of his argument, Petitioner relies on the United States Supreme Court decision of *Bullcoming v. New Mexico*, 131 S.Ct. 2705 (2011).   Petitioner  submits that:

> [u]nder *Bullcoming*, evidence is testimonial if it is prepared and presented by the prosecution for the primary purpose of establishing or proving past events potentially relevant to later prosecution. . . . In the instant case, the prosecution has the pen-pak prepared and presented for the sole purpose of establishing and proving the past event of having actually been convicted of and sentenced to serve 1 year or more on two prior convictions . . . . Under *Bullcoming*, the alleged certified prior conviction records, or penitentiary records are testimonial and, therefore within the compass of the confrontation clause.

§ 2254 Pet. [1] at pp. 4-5.

Respondent contends that: "the *Bullcoming* Court did not find that "pen packs," such as the one entered into evidence in Young's case, were testimonial in nature. As such, . . . *Bullcoming, supra,* is distinguishable from the instant case, and Young has failed to demonstrate that he was denied his rights under the Confrontation Clause." Resp. [7,  at p. 10].

The record reflects that during Petitioner's sentencing hearing, the state called

---

[1] Mississippi Code Section 99-19-83 states:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
MISS. CODE ANN.§ 99-19-83.

Michelle Taylor, the supervisor of records at the Central Mississippi Correctional Facility. Ms. Taylor testified that the documents or "pen pak" pertaining to Petitioner's convictions and time served in the Mississippi Department of Corrections ["MDOC"] were regularly kept business records. R. [8-4, at pp. 440-41]. Taylor further testified that according to the MDOC records, at the time of his sentencing, Petitioner had been previously convicted of carjacking and grand larceny in the Circuit Court of Sunflower County. R. [8-4, at pp. 442, 626-627]. These prior convictions were utilized by the trial court in formulating Petitioner's sentence. Counsel for Petitioner had the opportunity to cross examine Ms. Taylor regarding the tendered documents and elected not to.

Petitioner's first ground for relief is reviewed under the "unreasonable application" standard inasmuch as this claim was adjudicated on the merits by the Mississippi Court of Appeals and the Mississippi Supreme Court. The Mississippi Court of Appeals examined the facts and circumstances surrounding Ms. Taylor's testimony and the trial court's reliance on the evidence of Petitioner's prior convictions introduced at trial and concluded that: "the circuit court acted appropriately when it held that Young's previous conviction for 'unarmed carjacking' had been a crime of violence." *Young v. State*, 86 So. 3d 261, 270 (Miss. Ct. App. 2011).

The Mississippi Supreme Court likewise determined that Petitioner's confrontation clause rights were not violated:

> [a]fter due consideration, the panel finds Young had an opportunity to cross-examine the subject witness and his confrontation clause rights were not violated. The panel further finds that certified copies of

-11-

>    judgements of convictions are not testimonial statements and, therefore, are admissible absent confrontation.

Mississippi Supreme Court Order [7-2], att. as Ex. "2" to Resp.

Based upon the record before the Court, it is the opinion of the undersigned that the state court's decision was not an "unreasonable application" of the clearly established federal law in this regard. Petitioner's request for federal *habeas corpus* relief on this ground should be denied pursuant to 28 U.S.C. § 2254(d)(1).

    2.    <u>DUE PROCESS VIOLATION</u>

Petitioner next contends that he was denied due process as a result of the trial court permitting the State to amend the indictment to include charging Petitioner as an habitual offender pursuant to Mississippi Code § 99-19-83 after the jury returned a verdict. Petitioner's argument, which is almost identical to that asserted in support of his confrontation clause claim, centers on the fact that he was not permitted to cross examine Michelle Taylor, the MDOC records custodian, about the certification and authenticity of his previous convictions.

Mississippi Uniform Circuit and County Court Rule 7.09 governs the amendment of indictments:

>    All indictments may be amended as to form but not as to the substance of the offense charged. Indictments may also be amended to charge the defendant as an habitual offender or to elevate the level of the offense where the offense is one which is subject to enhanced punishment for subsequent offenses and the amendment is to assert prior offenses justifying such enhancement . . .. Amendment shall be allowed only if the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised.

U.R.C.C.C. 7.09.

In *Lawson v. State*, 154 So. 3d 926 (Miss. Ct. App. 2015), the Court of Appeals considered a similar claim wherein Petitioner argued that he was unaware of the State's intentions to charge him as an habitual offender. The Court held in part that: "Petitioner could not have been 'surprised' at the habitual-status amendment, or lost his ability to 'confront' as certified copies of his prior indictments were provided to him during discovery prior to the commencement of trial. The record belies Petitioner's allegation that he was not aware of the State's intentions." *Id.* at 932; *see also McCain v. State*, 81 So. 3d 1055, 1061-62 (Miss. 2012) (Supreme Court considering U.R.C.C.C. 7.09, concluded McCain's sentence as an habitual offender was lawful: he received fair notice, was not 'unfairly surprised' by the habitual-offender addition, and was afforded a fair opportunity to present a defense).

Petitioner, prior to being charged with the crimes that are the subject of the instant Petition, was sentenced to and had served terms of one year or more in the custody of MDOC for the crimes of grand larceny and carjacking. At least one of Petitioner's prior felony convictions was deemed a crime of violence.[2] The record reflects that prior to his trial getting underway, Petitioner was called to the podium and informed of the possibility of being sentenced as an habitual offender and without the possibility of parole or early release. Tr. [8-2, at pp. 138-139]. The record before the Court does not support Petitioner's claim that he was subjected to unfair surprise. Moreover, the record reflects that there was ample opportunity to cross examine Ms.

---

[2] Petitioner appealed his judgment of conviction for "unarmed carjacking" in *Young v. State*, 962 So.2d 110 (Miss. Ct. App. 2007).

Taylor regarding Petitioner's prison records as part of his defense.

Upon review, it is the opinion of the undersigned that the criteria of Mississippi Code Annotated section 99-19-83 were properly satisfied. As such, the state court's sentencing Petitioner as an habitual offender to life imprisonment without parole under Section 99-19-83, and the appellate court's affirmance of that decision was not an "unreasonable application" of clearly established law.  Petitioner is not entitled to habeas relief on this ground.

      3.      SUFFICIENCY OF THE EVIDENCE

Petitioner submits that the trial court erred in both its determination that the crime of unarmed carjacking is a crime of violence and by utilizing said conviction to sentence Petitioner as an habitual offender pursuant to Mississippi Code § 99-19-83. Petitioner claims that "unarmed carjacking in order to be a crime of violence must be through the display of a firearm or through the display of a deadly weapon." Attachment [4] to § 2254 Pet. [1] at pp. 3-4.

Respondent, in liberally construing Petitioner's Attachment, acknowledges that Petitioner raises the issue of sufficiency of the evidence, which was raised as part of his direct appeal and addressed by the Mississippi Court of Appeals. Respondent submits that "the evidence, viewed in light most favorable to the State, would allow a reasonable fact finder to find 'the essential elements of the crime [i.e. that carjacking was a violent crime] beyond a reasonable doubt."   Resp. [7] at p. 18.

In the present case, Petitioner's sufficiency of the evidence claim is properly reviewed under the "unreasonable application" standard of § 2254(d)(1) because it

involves a mixed question of law and fact and it was heard, considered, and adjudicated both on appeal and as part of his subsequent state post conviction application.

The crime of carjacking is defined under Mississippi law as follows:

> (1) Whoever shall knowingly or recklessly by force or violence, whether against resistance or by sudden or stealthy seizure or snatching, or by putting in fear, or attempting to do so, or by any other means shall take a motor vehicle from another person's immediate actual possession shall be guilty of carjacking.
>
> \*   \*   \*
>
> (2) Whoever commits the offense of carjacking while armed with or having readily available any pistol or other firearm or imitation thereof or other dangerous or deadly weapon, including a sawed-off shotgun, shotgun, machine gun, rifle, dirk, bowie knife, butcher knife, switchblade, razor, blackjack, billy, or metallic or other false knuckles, or any object capable of inflicting death or serious bodily harm, shall be guilty of armed carjacking.

MISS. CODE ANN. § 97-3-117 (1972).

The present case was submitted to the jury with the burden assigned to the state and the jury found that the state had carried its burden. The Mississippi Court of Appeals considered the testimony and evidence adduced at trial and determined that Petitioner's conviction for "unarmed carjacking" was properly qualified as a "crime of violence" for the purposes of enhanced sentencing. The Court noted that:

> [d]uring the bifurcated proceeding, the prosecution informed the circuit court of the facts discussed in *Young*.[3] As the circuit court held that Young qualified for enhanced sentencing . . . [it] noted that, in *Young*, Young had shoved the victim from behind and snatched the keys out of

---

[3] *Young v. State*, 962 So.2d 110 (Miss. Ct. App. 2007).

>her hand. Consequently, the circuit court acted appropriately when it
>held that Young's previous conviction for "unarmed carjacking" had
>been a crime of violence.

*Young v. State*, 86 So. 3d 261, 268- 69 (Miss. 2012).

Petitioner's claim that unarmed carjacking in order to be a crime of violence must be through the display of a firearm or through the display of a deadly weapon is contrary to Mississippi law.  The statutory language defining the crime of carjacking, be it armed or unarmed, contains the term "violence."  The state court's application and factual findings were not unreasonable in light of the record evidence.  Nor can it be said that the state court unreasonably applied the United States Supreme Court's sufficiency of the evidence standard as established in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also Hughes v. Epps*, 561 F. App'x 350, 355 (5th Cir. 2014).

### III. RECOMMENDATION

Having considered the Petition, Response, the record, and the relevant legal authorities, the undersigned United States Magistrate Judge recommends that Petitioner's request for relief pursuant to 28 U.S.C. § 2254 be denied, and the Application for Writ of Habeas Corpus [1] filed by Petitioner Phillip Young be dismissed with prejudice.

### IV.  NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

>After service of a copy of the magistrate judge's report and
>recommendations, each party has fourteen days to serve and

> file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SO ORDERED AND ADJUDGED**, this the 29th day of October, 2015.

*s/ John C. Gargiulo*
**JOHN C. GARGIULO**
**UNITED STATES MAGISTRATE JUDGE**