```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                    NORTHERN DIVISION
```

PHILIP YOUNG                                         PETITIONER

VS.                          CIVIL ACTION NO. 3:13CV500TSL-JCG

WARDEN RAYMOND BYRD                                  RESPONDENT


                              ORDER

This cause is before the court on the report and recommendation entered by Magistrate Judge John C. Garguilo on October 29, 2015. Having reviewed the report and recommendation, the court concludes that it should be adopted with the following modifications:

The last paragraph on page 8 and continuing to page 9 is deleted. The first sentence of the first full paragraph on page 9 shall read: "Pure questions of fact are reviewed under the 'unreasonable determination of facts' standard set forth in § 2254(d)(2)."

Regarding petitioner's Confrontation Clause Claim, the court is not persuaded that <u>Bullcoming v. New Mexico</u>, 564 U.S. ,131 S. Ct. 2705, 180 L. Ed. 2d 610 (2011) (holding that when the State introduces forensic laboratory report to serve as evidence in criminal proceeding, accused has Sixth Amendment right to confront analyst who prepared report "unless that analyst is unavailable at trial, and defendant had pretrial opportunity to cross examine

him), amounted to a new rule of constitutional law, see Wilson v. Holman, 3:13CV663HTW-LRA, 2014WL2196357, *2 (S.D. Miss. May 27, 2014)(concluding that Bullcoming did not announce new rule of constitutional law, but rather was consistent with "modern Confrontation Clause doctrine" beginning with Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004)).[1]

In Crawford, the Supreme Court held that the "prosecution may not admit 'testimonial statements of a witness who [does] not appear at trial unless he [is] unavailable to testify, and the defendant ... had a prior opportunity for cross-examination.'" Crawford, 541 U.S. at 59. Crawford initially "defined 'testimony' as '[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact,'" United States v. Duron–Caldera, 737 F.3d 988, 992 (5th Cir. 2013) (quoting Crawford, 541 U.S. at 51), and identified a

---

[1] "The first step in determining whether a state court unreasonably applied clearly established federal law is to identify the Supreme Court holding that the state court supposedly unreasonably applied." Chester v. Thaler, 666 F.3d 340, 345 (5th Cir. 2011). Where the state court issues only a summary dismissal without an explication of the claims or its legal bases, "[u]nder § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." Harrington v. Richter, 562 U.S. 86, 102, 131 S. Ct. 770, 786, 178 L. Ed. 2d 624 (2011).

> "core class of testimonial statements" to include: [1] ex parte in-court testimony or its functional equivalent—that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially; [2] extrajudicial statements ... contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions; [and] [3] statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.

Id. Since Crawford, the Court fleshed out the definition of "testimonial," adopting the "primary purpose" test. Id. Under this test, a statement is testimonial if its "primary purpose ... is to establish or prove past events potentially relevant to later criminal prosecution." Id. at 992-93 (quoting Davis v. Washington, 547 U.S. 813, 822, 126 S. Ct. 2266, 165 L. Ed. 2d 224 (2006)).

As observed in the report and recommendation, in denying Young's application for leave to file a motion for post-conviction relief, the Mississippi Supreme Court observed that the certified copies of the judgments of his previous convictions, self authenticating documents under state law, contained in Young's MDOC pen pack were not testimoninal statements. Based on this and the fact that Young had an opportunity to examine the State's witness through whom the certified judgments were introduced, the Mississippi Supreme Court concluded that Young had failed to make a substantial showing of the denial of a federal right as to this

claim. The state court's conclusion in this regard is neither contrary to, nor an unreasonable application of Crawford or its progeny. Relief will be denied as to this claim.

The court now turns to Young's putative due process claim. Initially, insofar as he purports to seek relief in this court because the indictment does not comport with state law, review is foreclosed. Morlett v. Lynaugh, 851 F.2d 1521, 1523 (5th Cir. 1988), cert. denied, 489 U.S. 1086, 109 S. Ct. 1546, 103 L. Ed. 2d 850 (1989) ("If the question of the sufficiency of the indictment [under state law] is presented to the highest state court of appeals, then consideration of the question is foreclosed in federal habeas corpus proceedings."). This being said, while this court may not consider the sufficiency of the indictment, it can "consider whether the notice afforded the petitioner through the state procedures was constitutionally sufficient under the Sixth and Fourteenth Amendments." Brown v. Cain, No. CIV. A. 99-2667, 2001 WL 96410 at *2 (E.D. La., Feb. 2, 2001); See Cole v. Arkansas, 333 U.S. 196, 201, 68 S. Ct. 514, 92 L. Ed. 644 (1948) (elementary principles of due process require that accused be informed of specific charge against him); In re Oliver, 333 U.S. 257, 273, 68 S. Ct. 499, 92 L. Ed. 682 (1948) ("A person's right to reasonable notice of a charge against him, and an opportunity to be heard in his defense ... are basic in our system of jurisprudence...."). In the context of amending an indictment to

charge a petitioner as a habitual offender, "due process does not require advance notice that the trial on the substantive offense will be followed by an habitual criminal proceeding." <u>Oyler v. Boles</u>, 368 U.S. 448, 452, 368 U.S. 448 (1962).  "Nevertheless, a defendant must receive reasonable notice and an opportunity to be heard relative to the recidivist charge even if due process does not require that notice be given prior to the trial on the substantive offense." <u>Oyler</u>, 368 U.S. at 452.  For the reasons set forth on page 13 of the report and recommendation and pages 12 through 14 of respondent's answer, it is clear that the Mississippi Supreme Court's denial of relief as to this claim was neither contrary to, nor an unreasonable application of federal law.  Accordingly, this court will deny relief as to this claim as well.

Based on the foregoing, it is ordered that the report and recommendation of United States Magistrate John C. Gargiulo entered on or about October 29, 2015, be, and the same is hereby, adopted as the finding of this court with the foregoing modifications.

It is further ordered that a certificate of appealability should not issue.  Petitioner has failed to demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and that "jurists of reason would find it debatable whether [this]

court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

    A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

    SO ORDERED this 1st day of December, 2015.

                                        /s/ Tom S. Lee
                                        UNITED STATES DISTRICT JUDGE